**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| **CLARENCE OLIVER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:09 CV 258** |
| | ) | |
| **LAKE COUNTY** | ) | |
| **SHERIFF DEPARTMENT ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION and ORDER

Clarence Oliver, a prisoner confined at the Federal Medical Center in Lexington,

Kentucky, filed a *pro se* motion for return of property in his criminal case. According to

the motion for return of property, Oliver was arrested on or about August 3, 2007, and

placed in the Lake County Jail. He was later indicted in federal court on drug charges.

He states that during his arrest several items of his property were seized from him and

that this property was never returned to him. The court ordered Oliver's original

submission stricken, and afforded him leave to file an amended complaint stating the

facts of his claim and naming the Federal or State officials or entities he believes were

involved in the seizure of his property and the officials or entities that have current

custody of his property. He has now filed an amended complaint pursuant to 42 U.S.C.

§ 1983, alleging that the Lake County Sheriff's Department took his car, several items of

jewelry, and other items of personal property from him "when I was arrested and [it]

has not been returned." (DE # 14 at 3.)

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a

complaint, or any portion of a complaint, for failure to state a claim upon which relief

can be granted. Courts apply the same standard under § 1915A as when addressing a

motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

"Dismissal is appropriate only when it appears beyond doubt that the plaintiff can

prove no set of facts that would entitle him to relief." *Id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived her of a federal right [and] . . . he must allege that the person who has deprived her of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and

ellipsis omitted).

Oliver brings this action under 42 U.S.C. § 1983, which provides a cause of action

to redress the violation of federally secured rights by a person acting under color of state

law. *Burrell v. City of Matoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a

plaintiff must allege violation of rights secured by the Constitution and laws of the

United States, and must show that a person acting under color of state law committed

the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every §

1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

In his amended complaint, the plaintiff alleges that agents of the Lake County Sheriff's office took several items of property from him when he was arrested, and this property has not been returned to him. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517 (1984). The Indiana tort claims act provides a sufficient remedy for loss of personal property at the hands of state or local officials. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987); *Wilson v. Civil Township of Clayton*, 839 F.2d 375 (7th Cir. 1988); *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987). Since Indiana provides an adequate remedy for the illegal deprivation of property by municipal officials or employees, Oliver's allegations against the Lake County Sheriff's Department state no claim upon which relief can be granted under § 1983. Because Oliver may be able to pursue a claim for the loss of his property in state court, this court will dismiss this case without prejudice to Oliver's right to file a claim in state court.

For the foregoing reasons, the court **DISMISSES** the plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A without prejudice.

**SO ORDERED.**

Date: May 20, 2010

         s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT